Affirmed by unpublished opinion.
Senior Judge SILER wrote the opinion, in which Judge NIEMEYER joined. Judge GREGORY wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
SILER, Senior Circuit Judge:
Defendant Marvin Sumner appeals the district court’s denial of his petition for a writ of habeas corpus. He argues that the district court erred in concluding that he failed to demonstrate ineffective assistance of counsel on appeal. For the following reasons, we affirm the district court.
I.
In 2004, Sumner was convicted of discharging a weapon in public in violation of Va.Code Ann. § 18.2-280 and possession of a firearm by a convicted felon in violation of Va.Code Ann. § 18.2-108.2. The charges arose out of an incident in July 2004: two witnesses — Kerri Cole and Carlton Out-land — allegedly saw Sumner come out of his apartment, fire a gun three times, turn and fire another shot, and walk behind the building. Then, they heard two more shots. They later described Sumner’s appearance to Officer Cintron and identified Sumner as the shooter. In addition, Officer Cintron recovered two .45 caliber shell casings where Sumner had allegedly been standing and one .45 caliber shell casing on Sumner’s person after arresting him for littering and drinking in public. The arrest occurred after Cintron saw Sumner walking down the street diinking a beer and then throwing the beer bottle on the ground.
The state trial court overruled Sumner’s motion to suppress the shell casing found on his person. After conviction, Sumner appealed, arguing insufficiency of the evidence. His brief explained the intended scope of the argument: the evidence was insufficient and the motion to suppress the cartridge should have been granted. However, defense counsel failed to include the Fourth Amendment claim in the question presented.
The Court of Appeals of Virginia affirmed, finding that the “direct and corrob *939 orating circumstantial evidence was sufficient to prove possession of a firearm and discharging a firearm in public beyond a reasonable doubt.” It also found Sumner’s failure to include his Fourth Amendment issue in his questions presented, as required by Virginia Supreme Court Rules 5A:12(c) and 5A:20(c), barred consideration of that issue on appeal. A three-judge panel of the Court of Appeals of Virginia affirmed. Sumner appealed. His defense counsel presented the same arguments but amended the question presented to include both the sufficiency of the evidence and Fourth Amendment claims. In 2006, the Supreme Court of Virginia denied further review.
Sumner thereafter filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming ineffective assistance of counsel. He argued that defense counsel’s failure to follow the state court rules — because of counsel error rather than strategic considerations — precluded direct review of his Fourth Amendment claim in his pro se memorandum in support of the petition. He did not argue that he suffered prejudice from his counsel’s conduct. The court dismissed the petition because Sumner failed to satisfy both the “performance” and “prejudice” prongs of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) “the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal” and (2) Sumner “does not attempt to demonstrate that the excluded argument had merit or would have been successful had it been included in the questions presented.”
In 2007, Sumner filed a petition for a writ of habeas corpus in the federal district court pursuant to 28 U.S.C. § 2254. He claimed that (1) he was entitled to effective assistance of counsel on direct appeal; (2) his counsel was ineffective by failing to follow state court rules; (3) the State violated his due process rights by imposing a sanction on him for his counsel’s error; and (4) the State violated his Fourth Amendment rights through an illegal search and seizure. The district court denied the petition. It determined that only the second claim was properly before the court; the other three had been procedurally defaulted because they were not raised before the state court. It concluded that Sumner “failed to demonstrate that appellate counsel was deficient or that he was prejudiced by the omission of an appellate challenge to the Circuit Court’s denial of the motion to suppress.”
II.
We review the “district court’s decision on a petition for writ of habeas corpus based on a state court record” de novo. Bell v. Ozmint, 332 F.3d 229, 233 (4th Cir.2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), we review state court legal and factual determinations under a limited and highly deferential standard: an application for a writ of habeas corpus shall not be granted unless the state court decision upon which it is based (1) “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or (2) involved “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” State court factual findings “shall be presumed to be correct,” and “[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.” 28 U.S.C. § 2254(d)(e); see also Lawrence v. Branker, 517 F.3d 700, 707-08 (4th Cir.2008).
Sumner must show that the state court’s determinations were “objectively unreasonable” to prevail. See Miller-El v. *940 Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Williams v. Taylor, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). It is not sufficient for the state court’s decision to be erroneous or incorrect. See Branker, 517 F.3d at 708 (citing Williams, 529 U.S. at 409-11, 120 S.Ct. 1495). The phrase “clearly established Federal law” refers to the “holdings, as opposed to the dicta, of [the Supreme] Court’s decisions as of the time of the relevant state-court decision.” Id. (citing Williams, 529 U.S. at 412, 120 S.Ct. 1495).
III.
Sumner argues that his counsel was ineffective by failing to preserve his Fourth Amendment claim and that prejudice should be presumed because the error effectively precluded direct appellate review of his entire appeal. However, the district court properly denied his petition for habe-as corpus because the Supreme Court of Virginia did not unreasonably apply federal law as determined by the United States Supreme Court by concluding that Sumner was required to show prejudice and failed to do so.
The Supreme Court has held that to establish ineffective assistance of counsel, a defendant must show both that (1) his counsel’s performance was deficient or “fell below an objective standard of reasonableness” in light of prevailing professional norms and (2) the deficient performance prejudiced the defendant or “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, a court need not address both “performance” and “prejudice” if the defendant makes an insufficient showing on one, and “[i]f it is easier te dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed.” Id. at 697, 104 S.Ct. 2052. However, in certain contexts, prejudice is presumed. For example, “[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.” Id. at 692, 104 S.Ct. 2052; see also Roe v. Flores-Ortega, 528 U.S. 470, 482-83, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (citing United States v. Cronic, 466 U.S. 648, 658-59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)) (providing that prejudice is presumed when a defendant is deprived of the appellate proceeding altogether, which he wanted at the time and to which he had a right).
The facts in this case, unlike those contemplated in Cronic and Flores-Ortega, did not completely deny Sumner of the appellate process. Although counsel’s error precluded direct appellate review of an aspect of Sumner’s insufficiency of the evidence claim, Sumner did not suffer complete forfeiture of desired appellate proceedings. Counsel’s conduct is more aptly characterized as a “deficient performance” or “attorney error” that is “subject to [the] general requirement that the defendant affirmatively prove prejudice.” Strickland, 466 U.S. at 693, 104 S.Ct. 2052.
The Supreme Court of Virginia and the district court reasonably concluded that Sumner failed to show that he was prejudiced by counsel’s failure to include his Fourth Amendment claim in the question presented.* The Supreme Court has found that “[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.” Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, *941 149 L.Ed.2d 549 (2001). In this case, Officer Cintron saw Sumner walking down the street drinking a beer and then throwing the bottle on the ground. He found the .45 caliber shell casing in Sumner’s pocket pursuant to a lawful arrest for drinking in public and littering. See Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In addition, even without the challenged shell casing, there was ample eyewitness testimony of his guilt.

AFFIRMED.

 Sumner only argues that prejudice should be presumed; he does not argue, in the alterna-live, that he could otherwise establish prejudice.